UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MICHAEL JOSEPH SANTANGELO | ) | |
| and SUZANN ANGELA SANTANGELO, | ) | Case No.  03-04444-6J3, |
| | ) | Adv. Pro. No. 03-409; |
| Debtors. | ) | |
| | ) | |
| | ) | |
| | ) | |
| MICHAEL JOSEPH SANTANGELO | ) | |
| and SUZANN ANGELA SANTANGELO, | ) | Case No. 97-3869-6J3, |
| | ) | Adv. Pro. No.  04-13 |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| FAIRBANKS CAPITAL CORP., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

MEMORANDUM OPINION
GRANTING DEFENDANT'S
MOTIONS TO DISMISS OR ABATE

The debtors are members of a class action lawsuit brought against their mortgage lender,

Fairbanks Capital Corporation. The lawsuit settled, and an order was entered barring all class

members from any further litigation of the settled claims.  The debtors now seek to pursue the

settled claims in these two adversary proceedings.  Fairbanks contends, in its Motions to Dismiss or

Abate (the "Motions") (Adv. Pro. No. 03-409, Doc. No. 12; [1] Adv. Pro. No. 04-13, Doc. No. 13)

that the debtors are bound by the class action settlement and related injunction and that this Court

should dismiss or, at a minimum, abate the adversary proceedings.  The debtors, in response, argue

---

[1]The parties also filed legal memoranda in connection with this adversary proceeding (Doc. Nos.
18, 22).

that the settlement is not binding on them because the order approving the settlement was entered in violation of the automatic stay and is void, at least as to their claims against Fairbanks.  For the reasons explained below, the Court concludes that the automatic stay was not violated, the Motions will be granted, and these adversary proceedings will be dismissed.

Fairbanks is in the business of servicing residential mortgages, including the debtors' home mortgage loan.  Fairbanks has sought to foreclose on the debtors' home twice in the last eight years. In response to both foreclosure attempts, the debtors filed Chapter 13 cases. They filed their first case in 1997, and received a discharge after successfully completing their plan of reorganization in June, 2002.  The debtors filed their second Chapter 13 case in April, 2003.

One month later, a lawsuit was commenced against Fairbanks.  Shortly thereafter, the lawsuit was converted into a class action case.[2] (Defendant's Exh. No. 8, p. 2). The class action Complaint alleged, *inter alia*, that Fairbanks' servicing practices violated the Real Estate Settlement Practices Act (RESPA), 12 U.S.C. Section 2601, *et. seq.*  Consumers with mortgages serviced by Fairbanks between the dates of January 1, 1999, and December 10, 2003, were included in the proposed plaintiff class. The debtors were identified as having a home mortgage loan serviced by Fairbanks during this time period and therefore were properly included as prospective class members.

When the class action litigation was in its earliest stages, the debtors filed these adversary proceedings against Fairbanks, which also alleged RESPA violations. In one Complaint, the debtors allege that Fairbanks violated RESPA by failing to provide them with information they requested concerning their home mortgage loan (Adv. Pro. 03-409).  In the other Complaint, the debtors

---

[2] The First Amended and Consolidated Class Action Complaint was filed on December 1, 2003, in the case now styled as *Alanna Curry, et al., v. Fairbanks Capital Corp,* Case. No. 1-03-cv-10895-DPW, before the United States District Court for the District of Massachusetts.

allege that Fairbanks improperly attempted to collect fees or charges that were discharged after they successfully completed their earlier Chapter 13 case in June 2002. (Adv. Pro. 04-13).[3] The claims raised against Fairbanks in the debtors' adversary proceedings are exactly the same types of claims raised in the class action suit.

The parties in the class action lawsuit quickly proposed a settlement of their claims and on December 10, 2003, the court handling the class action lawsuit, the United States District Court for the District of Massachusetts, entered a Preliminary Order conditionally approving the settlement. In connection with the proposed settlement, the District Court found that injunctive relief was appropriate to avoid inconsistent adjudications of the controversies presented. The District Court also ruled that a "Fairness Hearing" would be scheduled to enable the Court to formally and thoroughly consider the fairness of the proposed settlement and release of claims against Fairbanks. (Adv. Pro. No. 03-409, Defendant's Exh. No. 1).

In February 2004, prospective class members were notified via mail of the proposed class action and settlement, how to file a claim, and how to exclude themselves from the class and settlement. Class members wishing to participate in the settlement were required to submit a properly executed claim form no later than April 24, 2004. Class members wishing to exclude themselves from the class and settlement were directed to mail a request for exclusion by April 9, 2004. If a settlement was approved, class members who failed to request exclusion would be included in the class and bound by the final judgment and injunction. If a class member failed to file a claim form they could not share in the settlement proceeds.

---

[3] The debtors' earlier Chapter 13 case, Case No. 97-3869-6J3, was reopened pursuant to the debtors' request for the limited purpose of filing this adversary proceeding (Doc. Nos. 66 and 72 in the Main Case).

At the evidentiary hearing in these adversary proceedings, the debtors credibly testified that they did not receive any notice concerning their rights in connection with the class action and proposed settlement. The debtors, as well as their attorney, testified that they were aware of the pending class action case and that they were monitoring their mail because they expected or assumed they would receive some sort of communication from the District Court or other entity concerning the case. Thus, while the debtors had actual knowledge of the class action case, they were not aware of the proposed settlement or of any need to take affirmative action to file a claim, exclude themselves from the class, or the binding effect of the settlement.

However, there is no basis to believe that the notice of the class action and proposed settlement was not properly mailed to the debtors or that the debtors were somehow inadvertently excluded from the mailing list. For whatever reason, the notice simply did not reach the debtors or their attorney. The deadline to opt out of the class expired on April 9, 2004, and the debtors, by default, are included as members of the plaintiff class. The debtors apparently also did not timely file a claim by April 24, 2004.

On May 13, 2004, the District Court entered a Final Order approving the settlement of the class action, certifying the plaintiff class, and finding that members of the certified class had received sufficient notice of their rights in connection with the lawsuit. (Defendant's Ex. No. 7). The District Court reserved "exclusive jurisdiction of all matters relating to whether a Class Member . . . is excluded from the Class, whether because said Class Member submitted a Request for Exclusion that is not valid under the Settlement Agreement or otherwise." (Defendant's Ex. No. 7, p. 10, pp. 19). In addition, the Final Order enjoined all class members from filing or pursuing any lawsuit in any jurisdiction based on or relating to the claims and

causes of action or facts and circumstances relating to those in the class action.   Specifically,

paragraph 16 of the Final Order provides:

> The Court finds the extension of the Preliminary Injunction, as modified, to be equitable because it will protect the Settlement approved hereby, will provide the full benefits of the Settlement to the parties, will protect this Court's orders and jurisdiction, and is in the public interest. Based on these findings, this Court's Preliminary Injunction dated December 10, 2003, as modified in this Court's Modification[4] to Preliminary Injunction dated March 18, 2004, is hereby made permanent. Pursuant to the All Writs Act, Fed. R. Civ. P. 65, and the Court's inherent equitable powers, **all Class members who have not timely excluded themselves from the Class, their. . . estates, bankruptcy estates, bankruptcy trustees, trustees… co-borrowers. . . co-debtors. . . are hereby enjoined from filing, commencing, prosecuting, intervening in, or participating as class members in, any lawsuit, arbitration, administrative complaint or similar contested proceeding against Fairbanks** or a Fairbanks Releasee, in any jurisdiction, that is within the scope of the Released Claims or that is based on or relating to the claims or causes of action, or the facts and circumstances relating thereto, in the Curry Action. (**Emphasis added**).

Based on this Final Order, Fairbanks filed the instant Motions seeking dismissal or abatement of the

debtors' adversary proceedings alleging that they are based on the same claims or causes of action

as those raised in the settled class action case.

   The debtors argue that both the Preliminary Order and Final Order were entered in violation

of the automatic stay.   On April 29, 2004, the debtors successfully confirmed their Third Amended

Plan (Case No. 03-bk-04444, Doc. Nos. 44 and 55). The debtors' plan provides a 100% payout to

their creditors. In an attempt to retain the protection of the automatic stay through the duration of the

60 month plan, the debtors included the following language on page 2, paragraph 5, of their plan:

---

[4] The Modification referenced by the District Court was not introduced into evidence at the evidentiary hearing.

> All pre and post petition property of the debtor(s) herein, including but not
> limited to wages or other earnings, shall be deemed property of this estate in
> bankruptcy and as such shall be protected post-confirmation and pre-
> confirmation.

The debtors maintain that, because their confirmed plan deems their property interests, including

their claims against Fairbanks, to be property of the estate after confirmation, the automatic stay

applies and will continue to apply throughout the duration of their Chapter 13 case.   By entering the

Orders in the class action litigation, the debtors argue that the District Court improperly exercised

control over the debtors' claims.[5]

The controlling issues are whether the District Court violated the automatic stay by entering

its orders in the class action litigation and whether the debtors' causes of action are estate property

warranting the protection of the automatic stay.    To resolve these seminal issues, an analysis of

what happens upon the filing of a bankruptcy case is merited.

Filing a bankruptcy petition triggers two operations of law.   First, an estate is created

consisting of all of a debtor's legal or equitable interests in property as of the petition date. 11

U.S.C. § 541(a). This includes a debtor's potential causes of action. In re Moore, 312 B.R. 902

(Bankr. N.D. Ala. E.D. 2004) (citing Parker v. Wendy's Intern., Inc., 365 F.3d 1268, 1272 (11th Cir.

2004) (citing Barger v. City of Cartersville, Ga., 348 F.3d 1289 (11th Cir. 2003) ("property of

bankruptcy estate includes all potential causes of action that exist at the time petitioner files for

---

[5] The debtors argue that because they did not receive any notice or other mailing concerning their responsibilities in the class action case they should not be required to participate in the settlement or abide by the release as a simple matter of fairness and due process.  As to this argument, this Court would find that the District Court retained exclusive jurisdiction to address these types of due process issues. (Defendant's Ex. No. 7, p. 10, pp.19). Therefore, if the Orders are not void due to any violation of the automatic stay, the debtors necessarily must raise any due process claim before the District Court, not before this Court.

bankruptcy"). In addition to the property specified in Bankruptcy Code[6] Section 541(a), in Chapter 13 cases, property of the estate also includes all post-petition property that the debtor acquires before the case is closed, dismissed, or converted to a case under Chapter 7, 11, or 12. 11 U.S.C. § 1306(a); In re Frausto, 259 B.R. 201 (Bankr. N.D. Ala. 2000). Here, the debtors' claims against Fairbanks became property of their bankruptcy estate when they filed the Chapter 13 petition initiating this case.

Second, the automatic stay takes effect and, as alleged by the debtors here, precludes "any act to exercise control over property of the estate." 11 U.S.C. § 362(a)(3). In the Eleventh Circuit, actions taken in violation of the automatic stay are deemed void and without effect. In re Albany Partners, Ltd., 749 F.2d 670, 675 (11th Cir. 1984). Upon request of a party in interest, however, the court can terminate, annul, modify or condition the stay if, for example, the shielded property is not necessary to an effective reorganization. 11 U.S.C. § 362(d)(1) and (d)(2)(B). In appropriate circumstances, the court has the authority to retroactively annul the automatic stay to validate actions taken during the pendency of the stay. Albany Partners, 749 F.2d at 675; In re Levitz Furniture Inc., et al., 267 B.R. 516, 522-23 (Bankr. D. Del. 2000).

In Chapter 13 cases, confirmation of a debtor's plan vests all property back to the debtor unless the plan or order confirming the plan otherwise provides or, in the Eleventh Circuit, the assets are needed to make payments under the plan. 11 U.S.C. § 1327(b); Telfair v. First Union Mortg. Corp., 216 F.3d 1333 (11th Cir. 2000). Certainly, an order confirming a Chapter 13 plan can provide that the automatic stay will remain in effect to protect property needed to make payments under the repayment plan. Here, the debtors' confirmed plan contains such language,

---

[6] Unless otherwise stated, all references to the Bankruptcy Code refer to Title 11 of the United States Code.

specifically retaining the debtors' property interests as property of their bankruptcy estate. Therefore, the debtors argue that the automatic stay still applies and prevented the District Court from affecting their causes of action against Fairbanks. The debtors are not correct.

By establishing the class action and approving the settlement, the District Court did not exercise any control over the debtors' claims against Fairbanks or otherwise violate the automatic stay. What the District Court did do was give prospective class members, including the debtors, a choice; they could remain members of the class and be bound by the settlement or, instead, opt out of the class and separately pursue their claims. The District Court did not require the debtors to join in the class action. Rather, the District Court entered an order providing that class members would be bound by the settlement if they did not timely opt out of the class.

The real problem in this case is not that the District Court exercised control over the debtors' claims but that, for whatever reason, the debtors did not receive timely notice of their choices. The fact that the debtors did not timely opt out of the class does not lead to the conclusion that the District Court denied them the ability to chose whether they wanted to remain in the class or not. Indeed, in the Final Order the District Court retained jurisdiction to determine class membership issues and to address notice problems such as the one presented here.

The debtors' failure to timely opt out is similar to a debtor forfeiting a claim by failing to file a claim within an applicable statute of limitation[7] or by failing to first pursue necessary

---

[7] WHR Mortgage, Inc. v. Butler, 684 So.2d 325, 327 (Fla. 5th D.C.A. 1996) ("A statute of limitations is a procedural statute which bars enforcement of an accrued cause of action."); Allie v. Ionata, 503 So.2d 1237, 1240-41 (Fla. 1987) ("The expiration of a statute of limitation does not resolve the underlying merits of the consequently barred claim in favor of either party; it merely cuts off the remedy of the party who has slept on his rights.").

administrative remedies before filing a lawsuit.[8]   Debtors holding claims as plaintiffs, like the

debtors here, must play by the same rules of procedure as any other plaintiff.   Debtors with

claims involved in a class action suit must decide whether to remain in a class or opt out.   The

court administering a class action suit does not violate the automatic stay or exercise any control

over the claim by requiring debtors to make this election.   Nor is the stay violated because the

debtors are now  bound by the approved settlement.   Again, no court and no party forced this

result on the debtors or otherwise exercised control over the ir property.

In this case, because the debtors did not opt out of the class by the established deadline,

they were included in the class by default. As class members, they are subject to the terms of the

Final Order enjoining the assertion or prosecution of any claims based on or relating to the

claims or facts involved in the class action. As a corollary to their failure to opt out of the class,

the debtors waived their right to pursue their claims against Fairbanks in this or any other forum.

This is not the result of an act to exercise control over property of the estate by the District Court,

rather, it is the result of inaction on the part of the debtors.   As such, the Court finds that the

District Court did not violate the automatic stay.

---

[8]Central Fla. Invs., Inc. v. Orange County Code Enforcement Bd., 790 So.2d 593, 596 (Fla. 5th D.C.A. 2001) ("As a general rule, parties are required to pursue administrative remedies before resorting to the courts to challenge agency action.") (citing City of DeLand v. Lowe, 544 So.2d 1165 (Fla. 5th DCA), *rev. denied*, 551 So.2d 461 (Fla.1989); City of Gainesville v. Republic Investment Corp., 480 So.2d 1344 (Fla. 1st DCA 1985); Deltona Corp. v. Alexander, 682 F.2d 888 (11th Cir.1982)).

The Court further finds that, even if the District Court's actions <u>did</u> exercise some control over the debtors' claims against Fairbanks, the automatic stay would not apply here because the claims are no longer protected property of the debtors' estate. The Eleventh Circuit Court of Appeals has articulated what is included and what is excluded from property of a debtor's estate in a Chapter 13 case after a Chapter 13 plan is confirmed. <u>Telfair v. First Union Mortg. Corp.</u>, 216 F.3d 1333, 1340 (11th Cir. 2000). Although <u>Telfair</u> arose in the specific context of Bankruptcy Code Sections 1306(a)(2) and 1327(b) concerning whether a debtor's "earnings" remain property of the estate or property of the debtor following confirmation, the discussion of what constitutes post-confirmation estate property is determinative of whether these debtors' claims against Fairbanks are property of their post-confirmation estate.

In determining what constitutes property of the estate after confirmation, courts generally have adopted one of the following three approaches: (1) the estate termination approach; (2) the estate preservation approach; and (3) the estate transformation approach. <u>In re Moore</u>, 312 B.R. 902, 907 (Bankr. N.D. Ala. 2004). In <u>In re Moore</u>, the Bankruptcy Court for the Northern District of Alabama recently summarized each approach. "Under the estate termination approach. . . confirmation terminates the estate, and all property in the estate vests in the debtor." <u>Moore</u>, 312 B.R. at 907 (<u>citing</u> <u>In re Toth</u>, 193 B.R. 992, 996 (Bankr.N.D.Ga.1996)). "Under the estate preservation approach . . . all property remains property of the estate until discharge, dismissal, or conversion." 312 B.R. at 907 (<u>citing</u> <u>In re Kolenda</u>, 212 B.R. 851 (W.D.Mich.1997)). Finally, under the estate transformation approach, "all property of the estate vests in the debtor except for that property which is 'necessary to the fulfillment of the plan.'" 312 B.R. at 907 (<u>citing</u> <u>Fleetwood Homes of Georgia v. Morrison</u>, 263 B.R. 646 (S.D. Ga. 2000)).

Each approach yields a different result concerning the post-confirmation operation of the automatic stay. Under the estate termination approach, the automatic stay provision would not apply after confirmation because confirmation vests all property in the debtor. Thus, there is no estate property left to protect. Telfair, 216 F.3d at 1340 (property vested in the debtor is divested of the protection of Bankruptcy Code Section 362(a)). In contrast, under the estate preservation approach, the automatic stay would apply following confirmation until the happening of one of three events: discharge, dismissal, or conversion.

In Telfair, the Court of Appeals for the Eleventh Circuit adopted the estate termination approach. 216 F.3d at 1340. This approach requires an analysis of the property necessary to enable a debtor to complete his or her plan. Property necessary to the plan's fulfillment remains protected estate property. All other property vests in the debtor and, accordingly, does not fall under the protective umbrella of the automatic stay.

Here, the debtors' claims against Fairbanks are no longer property of their estate, as defined in Section 541 of the Bankruptcy Code, because the debtors are not relying on any recovery from Fairbanks to pay any portion of the payments required under their Chapter 13 plan. The debtors' confirmed Chapter 13 plan provides full payment to their creditors. All of these payments will come from the debtors' on-going earned income. If the plan provided something less than full payment to creditors, any potential recovery from Fairbanks could inure to the benefit of their creditors. However, that is not the case.

Pursuant to the decision in Telfair, when property is not necessary to the fulfillment of the plan, the property is revested in the debtor and no longer constitutes property of the estate. Any possible recovery from Fairbanks would not be channeled to the debtors' creditors or into the debtors' plan because that plan already provides a full distribution to creditors. Accordingly,

the Court finds that the claims settled in the class action litigation do not constitute property of the debtors' estate and do not receive the continued protection of the automatic stay.

Therefore, the Court grants the Motions to Dismiss or Abate filed by Fairbanks.  The District Court administering the class action litigation did not violate the automatic stay. Moreover, the automatic stay does not even apply because the debtors' claims against Fairbanks do not constitute property of their post-confirmation estate.  The debtors are bound by the Final Order entered in the class action litigation.  As such, the claims raised in these adversary proceedings are barred.  The adversary proceedings will be dismissed.  A separate order consistent with this ruling shall be entered.

DONE AND ORDERED on March 22, 2005.

Karen S. Jennemann
United States Bankruptcy Judge

Copies furnished to:

Michael Joseph Santangelo, Suzann Angela Santangelo, 11912 Frieth Drive, Orlando, FL  32837

Fairbanks Capital Corporation, c/o David J. Stern, P.A., Attn:  Rick DiSpagno, 801 S. University Drive, Suite 500, Plantation, FL  33324

Donald Edward Petersen, P.O. Box 1948, Orlando, FL  32802

Frederic J. DiSpigna, The Law Offices of David J. Stern, P.A., 801 S. University Drive, Suite 500, Plantation, FL  33324